BOUTALL, Judge.
A purchaser of real estate sues his vendor in warranty based upon an uncancelled lien outstanding against the property. Cancellation was to have been made by the notary public who passed the act of sale, but who instead absconded with the money to pay the lien. From a judgment dismissing his suit against the vendor, the purchaser appeals.
Most of the facts are not in contest. On January 6, 1977, the plaintiff, Wilbert B. Roth, signed an agreement to purchase a piece of real estate located in Rural Park Subdivision, Jefferson Parish, from the defendant, B & L Enterprises, Inc., for a cash price of $12,000.00. The agreement provided that the act of sale was to be passed before the purchaser’s notary public, and Roth appointed F. Robert Porter, an attorney at law and notary public. At the time of the sale the purchaser delivered to the notary public his check for $12,000.00 payable to Porter. There is a dispute between the parties as to who requested the check to be made in that fashion and the extent of Roth’s knowledge of an existing lien on the property, but it is uncontested that some $5,200.00 of those proceeds were to be used to pay off the outstanding lien on the property. Instead of cancelling the lien, the notary public kept the money and the lien remains outstanding, causing the purchaser to pay it off in installments.
It is Roth’s contention that the property was purchased under full warranty and that the vendor is responsible to cancel the lien and reimburse the purchaser for the payments made. He filed suit against both the vendor, B & L Enterprises, Inc., and F. Robert Porter, the notary public, but the notary public wasn’t able to be found and served. The present proceeding is only against the vendor.
Our evaluation of the evidence is somewhat hampered by the absence of the notary public and the lack of a mortgage certificate attached to the stipulated act of sale. The testimony in this case consists of the purchaser, the president of the vendor, and an attorney at law expert in the area of passing real estate transactions in the State of Louisiana. Additionally, there was stipulated into evidence the purchase agreement, the act of sale and the check issued in payment of the price.
The purchaser contends he is entitled to a judgment because he purchased the property with full warranty and had no knowledge of any outstanding liens. He testified that he made out and delivered his check for the purchase price to Porter at the request of the vendor’s president, Melvin Berthelot. In turn he expected that Porter would give him a bill of sale and a receipt. He testified that he knew of no liens or encumbrances against the property and expected to receive the property free and clear of any encumbrances. On the basis of this testimony and the documents stipulated in evidence, he makes out a prima facie case that would entitle him to a release in warranty.
The vendor, through its president Melvin Berthelot, offered testimony that it, the vendor, knew there was a lien on this property and that the notary public was also aware of it and was to cancel the lien. Berthelot testified that it was the notary *629 who requested that the check be made payable to himself in order that he could deduct the cost of the lien cancellation and give the net proceeds to the vendor. However, the notary did not cancel the lien but instead kept the money, and turned over to the vendor only the net proceeds.
It is apparent that there are two innocent parties to this transaction and that one of them must suffer the consequences of the notary public’s theft and failure to cancel the lien. The trial judge resolved this question by finding that the notary was chosen by Roth and that he chose an unreliable and perhaps dishonest notary. He concluded that Roth was bound by the notary’s activity and not entitled to any relief. We agree. Although Roth purchased with warranty, it was his employment of the dishonest notary that caused his loss to occur.
The trial judge made no finding of fact as to the extent of knowledge of the lien by Roth [1], but it makes little difference whether he knew, because he should have known. One of the statutory obligations of a notary public in passing an act of sale of real estate is the production of a mortgage and privilege certificate required by Civil Code Article 3364:
“Every notary who shall pass an act of sale, mortgage or donation of an immovable, shall be bound to obtain from the office of mortgages of the place where the immovable is situated, a certificate declaring the privileges or mortgages which may be inscribed on the object of the contract, and to mention them in his act, under penalty of damages towards the party who may suffer by his neglect in that respect.[2]
We are not aware if the certificates were actually ordered but the act declares that the certificate is annexed hereto and that it does not appear that the property is subject to any encumbrances whatever. Accordingly, any lack of knowledge of existence of the lien is due to the violation of the statutory obligation of the notary public to the purchaser by whom he was appointed.
This position is supported by the testimony of the expert, Mr. Ferdinand Lob, attorney at law, who testified the usual and customary situation, in a case as this where liens exist in an amount less than the purchase price, is that the notary withholds a sufficient amount of money to pay off any liens or mortgages that show up against the property on the title examination or mortgage certificate. The practice is for the purchaser’s notary to receive the money from the purchaser and then to disburse the money to pay off whatever debt might be owed that would affect the property out of the proceeds of the sale. The balance of the proceeds is then paid by the notary to the vendor.
Under the facts of this case, we can ascribe no fault to the vendor for the failure to cancel the inscription of lien against this property and accordingly, we do not feel compelled to hold him in warranty.
For the reasons assigned, the judgment is affirmed.
AFFIRMED.

. Relevant to this issue would be the production of the missing mortgage certificate supposed to be attached to the act of sale and the notary public’s reconciliation of account, which Roth testified he was given but which he left at home.

. Article 3364 was repealed by Act No. 651 of 1978, but the events herein took place in 1977.